UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21075-CR-MGC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES MATHURIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss **[D.E. 40]** which was filed on April 28, 2010, and referred[1] to the undersigned on May 17, 2010 by the Honorable Marcia G. Cooke. **[D.E. 63]**. A hearing on the Motion **[D.E. 40]** took place before the undersigned on Wednesday, May 19, 2010 (hereinafter "5/19 Hearing"). See Def.'s Mot. Dismiss Hr'g Tr., May 19, 2010. **[D.E. 71]**.

Upon review of the Motion **[D.E. 40]**, the court file, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Procedural Background

This case was originally filed as U.S.A. v. Sealed Defendant, Case No. 09-20285-CR-AJ (hereinafter "Juvenile Case"). In that case, Defendant was charged by way of a forty-nine (49) count Juvenile Information in April 2009 that alleged, among other things, violations of 18 U.S.C. §§ 924, 1951, and 2119 in connection with certain armed robbery and weapons charges.

---

[1] Judge Cooke's Order also refers three (3) pending motions. Those Motions shall be scheduled for hearing by way of a separate order.

## Events Leading to Indictment

On August 31, 2009, upon Defendant's written waiver, the Honorable Adalberto Jordan granted Defendant's Motion to Waive Defendant's Juvenile Status and be Transferred as an Adult. See Juvenile Case, **[D.E. unknown[2]]**. Thereafter, negotiations for a plea bargain began and continued for some time. Id. The parties disagree as to when the plea negotiations ceased for purposes of the Speedy Trial Act time calculations.

The following information was taken from the pleadings and hearing transcripts in the Juvenile Case and the instant case, together with the sworn testimony of Detective Marcy Myrtil (Miami-Dade Police Department) and Assistant United States Attorney Cristina Maxwell at the May 19, 2010 hearing. Also reviewed and considered were letters sent by Defendant to Judge Jordan prior to the indictment. These letters were referenced by Defendant[3] during the hearing, a well as at a prior hearing before Judge Jordan.

In October 2009, defense counsel advised the Government *via* telephone that Defendant wished to be indicted and proceed to trial. Id. The Government requested an "in person" meeting to discuss one final plea offer. Id. The parties – including Defendant – met on November 10, 2009, at the Turner Gilford and Knight Correctional Center to discuss the Government's final offer. See Def.'s Mot. Dismiss Hr'g Tr., May 19, 2010, **[D.E. 71]**. At the meeting, the Government offered Defendant a plea deal that included a recommended sentence of approximately twenty-five (25) years. Id. Defendant was facing a sentence of over 200 years if found guilty as an adult. Id.

---

[2]The juvenile proceedings were sealed under 18 U.S.C. §5038. Accordingly, the transcripts and pleadings referring or relating to same have not been filed in this case.

[3] With the permission of counsel, Defendant expressed his views on the issues in open Court. The letters in question were not made part of the record; instead, they were maintained in Judge Jordan's files due to their content and the sealed status of the case.

Defendant rejected the offer and said "indict me." Id. at 4:20.

On December 22, 2009, the parties attended a status conference before Judge Jordan. See Juvenile Case. At the status conference, Defendant repeated his desire to be indicted and proceed to trial, and the Government informed the court it would seek an indictment.[4] Id. The Indictment was subsequently returned on December 29th and the instant action followed. **[D.E. 1]**.

## Analysis

Defendant seeks dismissal of the Indictment filed on December 29, 2009. **[D.E. 1]**, and the Superseding Indictment filed on April 20, 2010. **[D.E. 33]**. Defendant argues that the Indictment was filed in violation of his rights under the Speedy Trial Act, 18 U.S.C. § 3161(b), which requires that the Government file an information or indictment no later than thirty (30) days from the date that a defendant is arrested or served with a summons.

Specifically, Defendant argues that the speedy-trial clock began to run upon the Order Granting Defendant's Waiver of Juvenile Status and Transfer as an Adult **[D.E. 44]**, which was entered by Judge Jordan on August 27, 2010[5].

Counting thirty days forward, excluding the day of the Order but including weekends and holidays, Defendant contends that an indictment should have been returned by no later than the second week of October 2009. See United States v. Pollock, 726 F.2d 1456, 1460 n.6 (9th Cir.1984). Here, Defendant was not indicted until December 29, 2009 and, on that basis, Defendant argues that the charges against him should be dismissed. **[D.E. 44]**.

---

[4] Ms. Maxwell further testified that, after the status conference, defense counsel, Mr. Encinosa, again asked the Government for notice before the indictment was filed in order to speak with his client about accepting a deal. See **[D.E. 71]**.

[5] Defendant's Motion erroneously states that the Order was entered on August 18, 2010.

-3-

On the other hand, the Government, contends that the relevant time period is exempted from the speedy-trial clock under 18 U.S.C. § 3161(h)(1), due to the ongoing plea negotiations. The undersigned agrees.

In calculating the thirty-day speedy-indictment period, certain events may serve to "toll" the clock. 18 U.S.C. § 3161(h). In this connection, the statute exempts "any period of delay resulting from other proceedings concerning the defendant" from the calculation. Id. § 3161(h)(1). Plea negotiations do not expressly fall under any of the enumerated examples listed in § 3161(h)(1)(A)-(H); however, many courts emphasize that the statute's enumerated examples should be read as "including *but not limited to.*"

In this regard, many courts have accepted plea negotiations as "other proceedings" within the ambit and spirit of § 3161(h)(1). See e.g., United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987) (including plea negotiations under the generic guidelines of § 3161(h)(1) and specifying that the listed examples were inclusive, but not exclusive); see also United States v. Van Someren, 118 F.3d 1214, 1218 (8th Cir. 1997) (excluding time spent on plea negotiations from the time limits of § 3161(b)); United States v. Bowers, 834 F.2d 607, 610 (6th Cir. 1987) (defining plea negotiations as "other proceedings" under § 3161(h)(1), as they are delaying circumstances that ought not be charged to the government). Based upon the record at hand, the provisions of the Speedy Trial Act and the line of cases interpreting same, the undersigned finds that the classification of plea negotiations as "other proceedings" is appropriate under § 3161(h)(1).

Having determined that said plea negotiations at hand qualify as "other proceedings," the Court shall now addresses the issue of which days are exempted as plea negotiations from the speedy-trial clock calculation.

Here, Defendant contends that even if plea negotiations are considered "other proceedings"

-4-

pursuant to § 3161(h)(1), the plea negotiations ended and the clock began running at the conclusion of the November 10th meeting. The Government, however, argues that defense counsel continued the plea negotiations well beyond the November 10th meeting. The undersigned agrees.

As previously noted, Assistant United States Attorney Maxwell and Detective Myrtil testified under oath at the May 19th hearing. Both testified that at the conclusion of the November 10th meeting, defense counsel requested that the Government delay the indictment. See Def.'s Mot. Dismiss Hr'g Tr., May 19, 2010. **[D.E. 71]**. According to Ms. Maxwell and Detective Myrtil, defense counsel made the request in an effort to gain time to further discuss the Government's offer with his client. Id. Furthermore, Ms. Maxwell and Detective Myrtil stated that counsel again reiterated his request during a phone conversation on or about November 24, 2009. Id. In Court, defense counsel proffered that he did not specifically recall any such conversations. Id.

Consistent with the pleadings, the court file, the sworn testimony of the assigned United States Attorney and case detective, and the above-noted correspondence from Defendant, the undersigned finds that counsel's request for additional time constitutes a continuation of the plea negotiations. In sum, the speedy-trial clock was tolled from the initial date of August 27, 2009, until the status conference on December 22, 2009. The indictment was filed seven (7) days later and, thus, the Indictment did not violate the Speedy Trial Act. Accordingly, because the Indictment was timely, the Superseding Indictment must also be found to be timely. See United States v. Mosquera, 95 F.3d 1012, 1013 (11th Cir. 1996)

Moreover, a finding to the contrary would flout the evident purposes of the Speedy Trial Act. See United States v. Arellano-Rivera, 244 F.3d 1119, 1125 (9th Cir. 2001) ("the goals of the STA would not be served by allowing a defendant to 'game the system' by reacting favorably to a government's plea offer, waive indictment on lesser charges, and then after reneging on his part of

the bargain" complain of a violation of the STA).

## Recommendation

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Defendant's Motion to Dismiss **[D.E. 40]** be **DENIED**.

Parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Marcia G. Cooke, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami in the Southern District of Florida, this 4 day of June 2010.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:  Hon. Marcia G. Cooke
     Counsel of Record